IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff/Respondent, § | |
| § | |
| V. § | CRIMINAL ACTION NO. H-93-0291 |
| § | CIVIL ACTION NO. H-16-1974 |
| JESUS VALDEZ DUARTE (a/k/a Juan Jose § | |
| Valdivia), § | |
| § | |
| Defendant/Movant. § | |

**MEMORANDUM AND RECOMMENDATION DENYING § 2255 MOTION
TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Before the Magistrate Judge in this federal habeas corpus proceeding pursuant to 28 U.S.C. § 2255 is the Government's Response (Document No. 65) to Defendant/ § 2255 Movant Jesus Valdez Duarte's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (Document No. 61). Having considered the § 2255 Motion, the Government's Motion to Dismiss and supporting documentation, the record of the proceedings in the underlying criminal case, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Movant's § 2255 Motion to Vacate, Set Aside or Correct Sentence be DENIED, and that this § 2255 proceeding be DISMISSED with prejudice.

**I.    Introduction and Procedural History**

Movant Jesus Valdez Duarte a/k/a Juan Jose Valdivia ("Duarte"), who is currently in the custody of the United States Bureau of Prisons, is seeking federal habeas corpus relief under 28 U.S.C. § 2255. This is Duarte's first motion pursuant to § 2255.

November 19, 1993, Duarte was charged by Indictment with two counts of being a felon in

possession of a firearm, in violation of 18 U.S.C. 922(d). Duarte pled not guilty and proceeded to trial. He was found guilty of both counts on February 15, 1994 (Document No. 35) and was thereafter sentenced, following the preparation of a presentence investigation report, to 298 months imprisonment, to be followed by a three year term of supervised release. (Document No. 46). A Judgment of Conviction was entered on May 11, 1994. (Document No. 47).

Duarte appealed. On April 12, 1995, the Fifth Circuit Court of Appeals affirmed his conviction in an unpublished opinion. (Document Nos. 58 & 59). Over twenty years later, and based on the Supreme Court's decisions in *Johnson v. United States*, 135 S.Ct. 2551 (2015) and *Welch v. United States*, 136 S.Ct. 1257 (2016), Duarte filed his § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 61). The Government has filed a Response to that § 2255 Motion, arguing therein that no relief is available to Duarte on the merits of his claims. Duarte has not, to this date, filed anything in response to the Government's responsive pleading.

II. Claim

In one claim based on the Supreme Court's decision in *Johnson*, Duarte maintains that his prior convictions for burglary of a habitation do not qualify as violent felonies under the Armed Career Criminal Act, pursuant to which is sentence was statutorily enhanced. The Government, in its Response, argues that neither *Johnson*, nor any arguable extension of *Johnson*, applies and that Duarte's prior burglary convictions were generic burglary offenses which qualified as an enumerated violent felony under 18 U.S.C. § 924(e)(2)(B).

## III. Discussion

In *Johnson*, the Supreme Court found that "an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." *Johnson*, 135 S.Ct. at 2563. The "residual clause" at issue in *Johnson* is that part of 18 U.S.C. § 924(e)(2)(B)(ii) which defines a "violent felony" as "involv[ing] conduct that presents a serious potential risk of physical injury to another." While the holding in *Johnson* was made retroactive to cases on collateral review in *Welch*, *Johnson* did not affect any other part of § 924(e)(2)(B)(ii)'s definition of a "violent felony," including, in particular, the enumerated offenses of "burglary, arson, or extortion" that are also considered violent felonies. *Johnson*, 135 S.Ct. at 2563 ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony.").

Here, as argued by the Government, *Johnson* does not <u>directly</u> apply to Duarte's conviction and/or sentence. That is because Duarte's sentence appears to have been based on his prior convictions for the enumerated offense of burglary, and not on a conviction that fell within the residual clause of § 924(e)(2)(B)(ii). *Johnson* also does not <u>indirectly</u> apply because Duarte's prior burglary convictions qualified as generic burglaries for purposes of "fitting" the enumerated provision of § 924(e)(2)(B)(ii).

The ACCA defines "violent felony" as follows:

any crime punishable by imprisonment for a term exceeding one year . . . that

(i) has as an element the use, attempted use, or threatened use of force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious risk of physical injury to another.

3

The record in this long-closed case shows that Duarte had, at the time he was sentenced, four prior burglary convictions: (1) a November 1983 conviction in the 253rd District Court of Chambers County, Texas, No. 5430, for "burglary of a habitation with intent to commit theft;" (2) a November 1983 conviction in the 253rd District Court of Chambers County, Texas, No. 5431, for "burglary of a habitation with intent to commit theft;" (3) a November 1989 conviction in the 197th District Court of Cameron County, Texas, No. 89-CR-662-C, for "burglary of a building;" and (4) and a January 1984 conviction in the 180th District Court of Harris County, Texas, No. 393899, for "burglary of a building with intent to commit theft." *See* Document Nos. 65-1, 65-2, 65-3, and 65-4.[1] With the possible exception of the 1989 conviction in Cameron County for "burglary of a building," Duarte's prior burglary offenses all fell within the provisions of § 30.02(a)(1) of the Texas Penal Code, which the Fifth Circuit has held constitute "generic" burglary offenses, *United States v. Conde-Castaneda*, 753 F.3d 172, 176 (5th Cir. 2014), that align with the enumerated generic offense of "burglary" in § 924(e)(2)(B)(ii).[2] Given those three prior convictions for burglary of a habitation/building with

---

[1] Because Section 30.02 of the Texas Penal Code is a divisible statute, courts use the modified categorical approach to determine whether a burglary offense under section 30.02 of the Texas Penal Code constitutes a "generic" burglary offense. *Conde-Castaneda*, 753 F.3d at 175-76; *United States v. Uribe*, 838 F.3d 667, 669-71 (5th Cir. 2016), *cert. denied*, ___ U.S. ___, 137 S.Ct. 1359 (2017). Use of the modified categorical approach allows courts to consider charging documents and judgments. *Shepard v. United States*, 544 U.S. 13, 16 (2005); *Descamps v. United States*, 133 S.Ct. 2276, 2283-84 (2013).

[2] Under 30.02 of the Texas Penal Code,
(a) A person commits an offense if, without the effective consent of the owner, the person:
(1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony, theft, or an assault; or
(2) remains concealed, with intent to commit a felony, theft, or an assault, in a building or habitation; or
(3) enters a building or habitation and commits or attempts to commit a felony, theft, or an assault.
Burglary under § 30.02(a)(1) is considered a "generic" burglary offense, *United States v. Conde-*

intent to commit theft, which are generic burglaries for purposes of the enumerated offense of burglary in § 924(e)(2)(B)(ii), *Johnson* and its invalidation of the residual clause of § 924(e)(2)(B)(ii) simply has no applicability or arguable affect on the sentence of imprisonment Duarte was assessed. *See e.g., United States v. Winterroth*, Criminal Action No. 2:06-CR-481-1, 2017 WL 3971286 (S.D. Tex. Sept. 8, 2017); *United States v. Trinidad*, Criminal No. 6:04-48, 2017 WL 1345028 (S.D. Tex. Apr. 12, 2017). As such, Duarte's § 2255 Motion should be denied and dismissed with prejudice.

## IV. Conclusion and Recommendation

Based on the foregoing, and the conclusion that Duarte has not stated a viable claim under *Johnson*, the Magistrate Judge

RECOMMENDS that Duarte's § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 61) be DENIED, and this § 2255 proceeding be DENIED and DISMISSED with prejudice.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United*

---

*Castaneda*, 753 F.3d 172, 177-78 (5th Cir.), *cert. denied*, 135 S.Ct. 311 (2014), while burglary under § 30.02(a)(3) is not. *United States v. Constante*, 544 F.3d 584, 585 (5th Cir. 2008).

5

*Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 5th day of February, 2018.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE